UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ENTERTAINMENT USA, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 1:12-CV-116 |
| | ) |
| MOOREHEAD COMMUNICATIONS, INC., | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Before the Court is an agreed motion by the parties seeking approval of a proposed protective order pursuant to Federal Rule of Civil Procedure 26(c). (Docket # 17.) As the proposed order is deficient in one respect, it will be DENIED.

The proposed order's definition of "Confidential Information" is vague and overly broad. It seeks to protect "any material that reflects trade secrets or other confidential research, development, or commercial information consistent with Federal Rule of Civil Procedure 26(c)(I)(G)." (Proposed Agreed Protective Order ¶ 3.) Of course, a protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (noting that a broad protective order granting carte blanche discretion to a party is invalid); *see Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).

That is, "a court must ensure that (1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be

protected is properly described or demarcated, and (3) the parties know the defining elements of the applicable category of confidentiality . . . ." *MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague). Although the proposed order goes on to describe five specific categories of documents that fall within Confidential Information, the defined term "Confidential Information" is not limited to these categories, rendering it overly broad. (*See* Proposed Agreed Protective Order ¶ 3 ("Confidential Information shall include, but [is] not limited to . . . .").)

Furthermore, the description of these categories enables the sealing of entire documents simply because they "contain" personal identifying information, such as names and telephone numbers. Of course, personal identifiers could be more narrowly protected through simply redacting them from the document. *Cincinnati Insurance*, 178 F.3d at 945 (explaining that an order sealing documents *containing* confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document). Although the proposed order incorporates a method of redaction (Proposed Agreed Protective Order ¶ 11), it does not correct this issue, as once a document falls within the scope of the overly-broad definition of Confidential information, redaction is not required.

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d

at 945-46.  That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).  Therefore, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003).

For these reasons, the Court hereby DENIES approval of the proposed agreed protective order submitted by the parties. (Docket # 17.)  Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Enter for this 26th day of June, 2012.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge