# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ENTERTAINMENT USA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:12-CV-116 |
| | ) |
| MOOREHEAD COMMUNICATIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is an agreed motion by the parties seeking approval of an amended proposed protective order pursuant to Federal Rule of Civil Procedure 26(c). (Docket # 21.) As the proposed order is still deficient in several respects, it will be DENIED.

The proposed order's definition of "Confidential Information" is imprecisely defined, making it overly broad. It states that Confidential Information "shall *include* . . . personal identifying information (individual names and telephone numbers) for wireless customers." (Proposed First Amended Agreed Protective Order ¶ 3 (emphasis added).) Because of the term "include" in the definition, Confidential Information is not limited solely to the personal identifying information. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (noting that a broad protective order granting carte blanche discretion to a party is invalid); *see Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). "[A] court must ensure that (1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly

described or demarcated, and (3) the parties know the defining elements of the applicable category of confidentiality . . . ." *MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002).

In addition, paragraphs 16 and 17 of the proposed Order contemplate the return to the parties of documents filed under seal. However, the Court will not agree to return any documents once filed, whether under seal or otherwise.

And finally, paragraph 18 states that the Order "shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court *or until such time as the Parties may petition the Court to modify or amend its terms* . . . ." (Emphasis added). But an order of the Court cannot be modified, amended, or rescinded simply upon the filing of a petition by the parties seeking such action.

To reiterate, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003). Therefore, the Court DENIES the motion for approval of the proposed first amended agreed protective order. (Docket # 21.) The parties, however, may submit a revised protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED. Enter for this 19th day of October, 2012.

S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge