# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| **ENTERTAINMENT USA, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:12-CV-00116 |
| | ) | |
| **MOOREHEAD COMMUNICATIONS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is a Motion to Compel (Docket # 31) filed by Defendant Moorehead Communications, Inc., requesting that the Court order Plaintiff Entertainment USA, Inc., to produce a copy of the Termination and Release and Settlement Agreement dated December 28, 2007 (the "First Settlement Agreement"), that is referenced in Recital A of the recently-produced Second Settlement and Release Agreement dated June 27, 2008 (Docket # 35).

Plaintiff contends, however, that it has conducted a diligent search and that it does not have a copy of the First Settlement Agreement. (Docket # 38.) Of course, the Court cannot order Plaintiff to produce a document that is not in its "possession, custody, or control." *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum, LLC*, No. 1:04-cv-477, 2007 WL 1164970, at *5 (N.D. Ind. Apr. 18, 2007) ("Documents are in the 'possession, custody, or control' of the served party if the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." (citations, emphasis, and internal quotation marks omitted)); *see, e.g.*, *Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 236 (N.D. Ind. 1992). Therefore, Defendant's Motion to Compel (Docket # 31) is DENIED.

Nevertheless, since Plaintiff claims that it has fully responded to Defendant's discovery

request for the First Settlement Agreement, Defendant is at least entitled to a response stating as much. *Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no [responsive] documents, plaintiff is entitled to a response as required by Fed. R. Civ. P. 34(b) . . . ."). Accordingly, Plaintiff is ORDERED to execute an affidavit or declaration by May 16, 2013, signed by its executive officer, (1) stating that after diligent search, the First Settlement Agreement is not in its "possession, custody, or control," *Bitler*, 2007 WL 1164970, at *5; and (2) describing, *with particularity*, its efforts to locate the First Settlement Agreement, including *who* conducted the search and who that person or persons consulted with to conduct that search to ensure the veracity of their statements. *Traveler v. CSX Transp., Inc.*, No. 1:06-CV-56, 2007 WL 433530, at *2 (N.D. Ind. Feb. 6, 2007) (citations omitted).

Plaintiff is reminded that Federal Rule of Civil Procedure 26(e)(1) requires a party to supplement or correct its discovery responses in a timely manner if it learns that it is incomplete or incorrect.

SO ORDERED.

Enter for this 2nd day of May, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge