UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ENTERTAINMENT USA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 1:12-CV-116 |
| | ) |
| MOOREHEAD COMMUNICATIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a Third Amended Joint Motion for Protective Order by the parties seeking approval of a proposed amended protective order pursuant to Federal Rule of Civil Procedure 26(c). (Docket # 42.) As the proposed order is deficient, it will be DENIED.

A protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (noting that a broad protective order granting carte blanche discretion to a party is invalid); *see Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).  Here, the proposed order's definition of "Confidential Information" is vague and overly broad. It seeks to protect, among other things, "[f]inancial information (sales dollar values, market information, and marketing or business plans), personnel materials, and any trade secrets of Verizon and Moorehead that have or will be exchanged that are not part of the public domain at the time of disclosure[.]" (Proposed Third Amended Agreed Protective Order ¶ 3.)

But the parties fail to explain how *all* "market information" and "marketing or business

plans" and "personnel materials" rise to the level of confidential information. For example, "not all information in an employee's personnel file is considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006). "[T]here is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Id.*; *see also Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005). For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury–business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.*

Furthermore, the incorporation of the qualifier "not part of the public domain" in the proposed order is inadequate.

> 'Non-public' is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . . If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available. They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Cook*, 206 F.R.D. at 248-49. Here, just because a party does not generally release certain information to the public does not necessarily mean that the release of such information will rise to the level of causing competitive harm or creating a competitive advantage for others. Moreover, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc. v.*

2

*Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d at 945-46.  That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).  Therefore, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.

For these reasons, the Court hereby DENIES approval of the proposed third amended agreed protective order submitted by the parties. (Docket # 42.)  The parties may submit a revised protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Enter for this 3rd day of June, 2013.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
