IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ENTERTAINMENT USA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:12-CV-116 |
| | ) |
| MOOREHEAD COMMUNICATIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

On August 9, 2013, the Court granted in part Plaintiff Entertainment USA, Inc.'s Motion to Compel Discovery (Docket # 47) and ordered Defendant Moorehead Communications, Inc., to produce certain information, including Dish Network activations in the state of Pennsylvania from January 2006 to present and any activations by Entertainment's two former vice presidents. (Docket # 58.) The Court's Order, however, apparently did not fully resolve the parties' discovery dispute, as on August 27, 2013, Entertainment filed a Second Motion to Compel Discovery and to Extend Deadline for 30(b)(6) Depositions (Docket # 59) and Moorehead, in turn, filed a Motion for In-Camera Review and Entry of Protective Order (Docket # 63).

A hearing was held on the motions on August 28, 2013, and continued on September 19, 2013. (Docket # 69.) The Court extended the Rule 30(b)(6) deposition deadline and ordered the parties to conduct a supplement Local Rule 37-1 conference prior to the September 19th hearing. (Docket # 69.)

At the September 19th hearing, the parties reported that the discovery dispute appears to be resolved with the exception of two issues. (Docket # 71.) First, Entertainment wants Moorehead to submit the Dish Network activations in Excel format, rather than in PDF, so that

the data can be searched and assembled. But apparently the information is voluminous, and the parties already agreed that Moorehead would remove certain categories of information through a PDF format to make it a more manageable size. (Reply Br. 2.) Moreover, Moorehead states that the PDF document *is* searchable, and Entertainment admits it has not yet attempted to search the document. Consequently, Entertainment's request that the data be produced in Excel will be DENIED. *See Pace v. Int'l Mill Serv., Inc.*, No. 205 CV 69, 2007 WL 1385385, at *2 (N.D. Ind. May 7, 2007) ("Regarding electronic files, [Federal Rule of Civil Procedure 34(b)'s] requirement that information must be provided in a reasonably usable form does not mean that it must be provided in the format in which the responding party stores it." (citation and internal quotation marks omitted)).

Second, Entertainment seeks the activations of Josh LaFevre, Phan Tran, and Miguel Rivera pursuant to a subpoena duces tecum served in connection with the anticipated Rule 30(b)(6) deposition. Moorehead objects, contending that Entertainment is attempting to circumvent the June 30, 2013, discovery deadline because these three individuals are not "owners" or "dealers" as described in prior discovery requests.

Indeed, "the use of a subpoena duces tecum to secure the production of documents is a discovery device subject to discovery deadlines." *Gordon v. Ne. REMC*, No. 1:02-cv-171, 2003 WL 21919179, at *3 (N.D. Ind. June 2, 2003); *see also Neal v. Dana Corp.*, No. 1:01-cv-393, 2002 WL 32144315, at *1 (N.D. Ind. June 5, 2002); *Dreyer v. GACS Inc.*, 204 F.R.D. 120, 123 (N.D. Ind. Oct. 23, 2001). But here, Document Request Nos. 39-41 of Entertainment's Second Request for Production of Documents served on April 1, 2013, seemingly encompass the requested information listed on the subpoena. (*See* Docket # 60.) Moreover, the Court already

ordered Moorehead to produce all Dish Network activations in the state of Pennsylvania and the activations of certain individuals, noting that whether the Referral Fee Agreement includes certain activations is a matter of contract interpretation. If the Agreement is interpreted to include these activations, then the information is relevant to Entertainment's damages. (*See* Docket # 58.) Therefore, Entertainment's motion to compel this information will be GRANTED.[1]

In sum, Entertainment's Second Motion to Compel Discovery (Docket # 70) is GRANTED IN PART in that Moorehead is ORDERED to produce the requested information concerning Josh LaFevre, Phan Tran, and Miguel Rivera, and is DENIED with respect to Entertainment's request that information be produced in Excel, rather than in PDF; the Second Motion to Compel Discovery is otherwise DENIED AS MOOT. Moorehead's Motion for In-Camera Review and Entry of Protective Order (Docket # 63) is DENIED AS MOOT.

SO ORDERED.

Enter for this 20th day of September, 2013.

S/ Roger B. Cosbey<br>Roger B. Cosbey,<br>United States Magistrate Judge

---

[1] Entertainment also asks that this information be produced in Excel format, rather than in PDF. For the reasons stated earlier, that request will be DENIED.