**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| ENTERTAINMENT USA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 1:12-CV-116 |
| | ) | |
| MOOREHEAD COMMUNICATIONS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Reconsider filed by Plaintiff Entertainment USA, Inc., on April 16, 2015 (DE# 108). For the reasons set forth below, Plaintiff's Motion to Reconsider (DE# 108) is **DENIED**.

BACKGROUND

Plaintiff Entertainment USA, Inc. is one of several companies doing business as One Wireless World ("OWW"). In January 2006, OWW entered into a referral fee agreement ("Agreement") with Defendant Moorehead Communications, Inc. ("Moorehead"). In 2012, OWW filed a complaint against Moorehead alleging that Moorehead had breached the Agreement by refusing to pay OWW referral fees, among other claims. OWW and Moorehead both moved for summary judgment on the meaning of the term "referrals" in the Agreement. OWW argued that "referrals" included locations, individuals, and entities referred by OWW to

Moorehead. Moorehead maintained that "referrals" was limited to locations referred by OWW. The parties also disputed the duration of the Agreement, among other issues.

On March 20, 2015, the Court denied OWW's motion for summary judgment and granted in part and denied in part Moorehead's motion for partial summary judgment ("March 20 Order"). (DE# 106.) OWW now brings the instant motion to reconsider the March 20 Order, asserting that the Court made manifest errors of law when it found that (1) the term "referrals" is limited to referred locations, (2) OWW is entitled to referral fees for relocated stores only if it referred the new locations, and (3) the Agreement is terminable at will. These issues have been fully briefed and are ripe for adjudication.

DISCUSSION

Motions to reconsider serve to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A motion to reconsider performs a valuable function where:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a

> controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A motion to reconsider is not a vehicle for rearguing previously rejected motions or for rehashing old arguments. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). The disposition of a motion to reconsider is left to the discretion of the district court. *CBI Indus.*, 90 F.3d at 1270.

In its motion, OWW claims that the Court made a manifest error of law by failing to consider extrinsic evidence when interpreting the Agreement. OWW cites *Millner v. Mumby*, 599 N.E.2d 627 (Ind. Ct. App. 1992), for the proposition that the Court may consider extrinsic evidence

> so long as it has not been offered to vary the terms of the written contract[,] . . . to show that fraud, unintentional misrepresentation, or mistake entered into the formation of a contract[,] . . . to apply the terms of a contract to its subject matter[, and] . . . to shed light upon the circumstances under which the parties entered into the written contract.

(DE# 119 at 3 (citing *Millner*, 559 N.E.2d at 629 (citations omitted)).) In *Millner*, the court considered extrinsic evidence that had been offered to show one factor in the formation of the contract – that is, which party developed the specifications written into the contract. 559 N.E.2d at 629. "Because this

testimony did not serve to vary any term of the contract, the trial court properly admitted it into evidence and considered it in reaching a judgment." *Id.*

OWW claims that the Court should have considered extrinsic evidence here because it would "explain[] the terms" of the Agreement, apply the terms to its subject matter, and shed light on the circumstances under which the parties entered the Agreement. (DE# 119 at 6; *see also id.* at 5 n.1 (asserting extrinsic evidence "explains the terms" of the Agreement).) However, Indiana courts have held that "extrinsic evidence is not admissible to add to, vary or *explain the terms* of a written instrument if the terms of the instrument are susceptible of a clear and unambiguous construction." *Univ. of S. Ind. Found. v. Baker,* 843 N.E.2d 528, 532 (Ind. 2006) (citation omitted; emphasis added); *see Metro Holdings One, LLC v. Flynn Creek Partner, LLC*, 25 N.E.3d 141, 157 (Ind. Ct. App. 2014) (same).

While OWW claims that its extrinsic evidence is not offered to vary the terms of the Agreement, that is precisely what it seeks to do. OWW asks the Court to consider evidence in order to vary the meaning of the term "referrals" in the Agreement, a term that this Court found to be unambiguous. Indiana's four corners rule precludes the Court from doing so. "If an instrument is worded so that it can be definitely interpreted and its terms carried out within the instrument by applying that

language to the subject matter thereof without contradiction, then the instrument cannot be termed uncertain or ambiguous, and extrinsic evidence is not admissible to vary or contradict its meaning." *East v. Estate of East,* 785 N.E.2d 597, 601 (Ind. Ct. App. 2003) (citation omitted); *see Sees v. Bank One, Ind., N.A.,* 839 N.E.2d 154, 161 (Ind. 2005) ("As a general proposition a party is excluded from presenting extrinsic evidence of prior or contemporaneous oral agreements offered to vary or contradict the terms of a written contract.") (citation omitted). Indiana courts have repeatedly held that extrinsic evidence should not be considered where a contract is clear and unambiguous. *See, e.g., Haub v. Eldridge,* 981 N.E.2d 96, 102-03 (Ind. Ct. App. 2012) (reversing denial of summary judgment where trial court erred by considering extrinsic evidence in connection with unambiguous contract language); *Keck v. Walker*, 922 N.E.2d 94, 102 (Ind. Ct. App. 2010) (affirming summary judgment where written instruments "are not ambiguous, and we need not consider any extrinsic evidence" under Indiana's four corners rule); *Davis v. Raytheon Tech. Servs. Co. LLC,* No. 1:10-CV-1365, 2012 WL 5499416, at *4 (S.D. Ind. Nov. 13, 2012) (refusing to consider extrinsic evidence where the agreement at issue was not ambiguous).

In its motion, OWW insists that the Court should have considered extrinsic evidence in interpreting the Agreement

because the term "referrals" is ambiguous. (*See* DE# 119 at 4; *cf*. DE# 103 at 3-4 (arguing in summary judgment briefing that the Agreement's plain language requires payment for referred individuals and entities).) OWW acknowledges, as it must, that a document is not ambiguous merely because the parties disagree about a term's meaning. (DE# 109 at 4); *see Baker,* 843 N.E.2d at 532. OWW claims that reasonable people could come to different conclusions about the meaning of the term "referrals," based on the language of the Agreement and extrinsic evidence. *See Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 813 (Ind. 2012) ("A contract is ambiguous if a reasonable person would find the contract subject to more than one interpretation.") (citation omitted). The Court considered OWW's arguments regarding the language of the Agreement in connection with the parties' summary judgment motions and rejected them. It will not rehash them here. *See Oto,* 224 F.3d at 606. Because the Court found the term "referrals" in the Agreement to be unambiguous, it properly applied Indiana's four corners rule and did not consider extrinsic evidence.

OWW also challenges the Court's ruling that because "referrals" are referred locations, and not referred individuals or entities, OWW is not entitled to referral fees from additional locations or relocated stores opened by an individual or entity, unless OWW referred those additional or new

locations. (*See* DE# 106 at 20.) Citing no case law, OWW argues that "it is a manifest error of law to rely upon the four corners rule to interpret the plain language of an agreement contrary to the stated intent of the only individuals that drafted the agreement – on both sides." (DE# 109 at 8.) The Court finds this statement to be contrary to Indiana law. The Indiana Court of Appeals has held that "[w]hen the language of a contract is unambiguous, [courts] may not look to extrinsic evidence to add to, vary, or explain the instrument but must determine the parties' intent from the four corners of the instrument." *Metro Holdings One*, 25 N.E.3d at 157 (citation omitted); *see Richter v. Corp. Fin. Assocs., LLC,* No. 1:06-CV-1623, 2008 WL 885917, at *5 (S.D. Ind. Mar. 28, 2008) ("Typically, the court must determine the intentions of the contracting parties from the four corners of the document.") (citing *Boswell Grain & Elevator, Inc. v. Kentland Elevator & Supply,* 593 N.E.2d 1224, 1227 (Ind. Ct. App. 1992)); *see generally CBI Indus.*, 90 F.3d at 1272 (explaining that "[a]n analysis that begins with consideration of extrinsic evidence of what the parties meant, instead of looking first to what they said and reaching extrinsic evidence only when required to do so because of some identified ambiguity, unnecessarily denigrates the contract and unsettles the law.") (citation omitted).

For the reasons provided above and in the March 20 Order, the Court properly applied Indiana law to exclude extrinsic evidence because the Agreement is clear as to the meaning of the term "referrals." The Court did not commit a manifest error of law. *See Oto*, 224 F.3d at 606 ("manifest error is not demonstrated by the disappointment of the losing party" but rather "is the wholesale disregard, misapplication, or failure to recognize controlling precedent") (internal quotations and citation omitted).

Finally, OWW argues that the Court erred in finding that the Agreement was terminable at will. The Court disagrees. It relied on established Indiana law to find that the Agreement is terminable at will because it does not contain a termination date, or any provision setting out a condition that would terminate Moorehead's obligations. (DE# 106 at 30-34 (citing *City of E. Chicago, Ind. v. E. Chicago Second Century, Inc.*, 908 N.E.2d 611, 623 (Ind. 2009)).) OWW also asserts that the Court should hold that Moorehead is obligated to pay OWW fees "so long as activations occur" at referred locations. In the March 20 Order, the Court denied OWW's motion for summary judgment on this issue, holding that "determining the point at which the [parties'] contractual obligations terminated is a triable issue of fact." (DE# 106 at 34 (citing *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am., U.A.W. v. Randall*

*Div. of Textron, Inc.*, 5 F.3d 224, 230 (7th Cir. 1993)).) The Court finds that these holdings are solidly based in the law and will not rehash these arguments further.

In sum, nothing in OWW's motion to reconsider establishes a manifest error of law, nor does anything demonstrate to the Court that it patently misunderstood OWW's position. The Court stands by its March 20 Order.

CONCLUSION

For the reasons set forth above, OWW's Motion to Reconsider (DE# 108) is **DENIED**.

DATED: June 1, 2015         **/s/ RUDY LOZANO, Judge**
                                            **United States District Court**