# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| ENTERTAINMENT USA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 1:12-CV-116 |
| | ) | |
| MOOREHEAD COMMUNICATIONS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion Requesting Certain Confidential Documents Remain Under Seal filed by Plaintiff Entertainment USA, Inc., on April 17, 2015 (DE# 110). For the reasons set forth below, Plaintiff's Motion Requesting Certain Confidential Documents Remain Under Seal (DE# 110) is **GRANTED IN PART AND DENIED IN PART**. The pleadings found at Docket Entry numbers 87, 88 and 96 shall remain under seal. Plaintiff is **ORDERED** to (1) prepare redacted versions of Docket Entry numbers 87, 88 and 96 based on the Court's directives below, and (2) file the redacted versions of these pleadings with the Clerk of the Court within thirty (30) days.

BACKGROUND

Plaintiff Entertainment USA, Inc. ("OWW") filed a Motion for Summary Judgment on August 18, 2014. In doing so, OWW filed under seal (1) its Memorandum in Support of Motion for Summary Judgment ("SJ Memorandum") at Docket Entry 87, and (2) an Appendix in Support of Plaintiff's Motion for Summary Judgment ("SJ Appendix") at Docket Entry 88. In response to Defendant Moorehead Communications Inc.'s ("Moorehead") Motion for Partial Summary Judgment, OWW filed under seal an Appendix in Opposition to Defendant's Motion for Partial Summary Judgment ("Opposition Appendix") at Docket Entry 96 on September 15, 2014. OWW filed a redacted version of this appendix at Docket Entry 98 on the same day. (*See* DE# 111 at 9.)

In its March 20, 2015 Order on the parties' motions for summary judgment ("March 20 Order"), the Court noted that OWW had filed Docket Entry numbers 87, 88, and 96 under seal without moving for approval to do so. (DE# 106 at 44 n.11.) OWW was ordered to make a showing in accordance with Seventh Circuit law that these documents should remain sealed, or they would be placed in the public record. (*Id.*)

OWW now requests that a small subset of the information contained within Docket Entry numbers 87, 88, and 96 remain filed under seal:

- Within Docket Entry 87, the table found on pages 12-18 of the SJ Memorandum, and Exhibits F and G attached thereto (DE# 87 at 14-21, 52-54).

- Within Docket Entry 88:

    - Paragraphs 7, 8, and 9 of the Affidavit of Chau Nguyen ("Chau Affidavit"), and its Attachment 2 (SJ App. Ex. A, DE# 88-1 at 2-5, 12-14);

    - Pages 81-82 and 214-17 of the transcript of the deposition of Wade Alter ("Alter Deposition"), and deposition exhibits 2, 12, 13 and 15 (SJ App. Ex. M, DE# 88-2 at 9, 30-31, 34-35, 53-59); and

    - Attachments 8, 9, 14-16, 26, 27, 31, and 32 to the Affidavit of Jason M. Kuchmay ("Kuchmay Affidavit") (SJ App. Ex. O, DE# 88-11, 88-12, 88-19 through 88-21, 88-31, 88-32).[1]

- Within Docket Entry 96, the table contained in OWW's Statement of Genuine Disputes (Opp. App. Ex. B, DE# 96-2 at 14-21).[2]

In response to OWW's motion, Moorehead identified two additional documents in Docket Entry 88 containing information that it asserts should remain filed under seal: Alter Deposition Exhibit 8 and Kuchmay Affidavit Attachment 30. (*See* DE## 88-2 at 43-47, 88-45 through 88-48.) On May 13, 2015, the Court issued an order for Moorehead to show cause as to why certain documents and

---

[1] Docket Entry 88 does not include Attachments 31 and 32 to the Kuchmay Affidavit. Because OWW never filed these documents, they are not the subject of this Order. Moorehead maintains that if these documents are filed, they should be filed under seal. If OWW decides to file these documents under seal, it should follow proper procedures for doing so.

[2] While OWW's motion requests that "Paragraph 40" of its Statement of Genuine Disputes remain sealed, it appears that OWW intended to request that the table found in Paragraph 39 remain under seal. OWW previously filed a redacted version of this pleading in which the entire table in Paragraph 39 was redacted. (*See* DE# 98-2 at 14.)

information it designated "confidential" should remain under seal. (DE# 118.) On May 20, 2015, Moorehead filed its response to the order to show cause. (DE# 121.)

DISCUSSION

Northern District of Indiana Local Rule 5-3 provides that "[t]he clerk may not maintain a filing under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a) (2014). The Seventh Circuit has held that, although there is a general presumption that judicial records are public, that presumption "can be overridden" by "the property and privacy interests of the litigants . . . if the latter interests predominate in the particular case" such that "there is good cause for sealing a part or the whole of the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 945 (7th Cir. 1999). Notwithstanding an agreement of parties to seal documents, the decision of whether good cause exists to file a document under seal rests with the Court. *See id.* Good cause may exist if the documents are sealed in order to maintain the confidentiality of trade secrets, privileged information (such as information covered by the attorney-client privilege), and non-public financial and business information. *See Baxter Int'l, Inc. v. Abbott Lab.,* 297 F.3d 544, 546 (7th Cir. 2002); *Metavante Corp.*

*v. Emigrant Sav. Bank,* No. 05-CV-1221, 2008 WL 4722336, at *9 (E.D. Wis. Oct. 24, 2008).

OWW requests that portions of Docket Entry numbers 87, 88 and 96 remain under seal. The information contained in these pleadings fall into three categories: (1) Moorehead customers' personal identifying information; (2) documents containing information designated "confidential" by Moorehead; and (3) Moorehead's counsel's bank account information. The Court will address each category in turn.

Consumer Identifying Information

OWW filed under seal several documents in Docket Entry numbers 87 and 88 that identify Moorehead customers by name. These documents include: SJ Memorandum Exhibit G; Alter Deposition Exhibits 2 (second page), 12, 13, and 15; and Kuchmay Affidavit Attachments 14, 15, 16 and 30. (DE# 87 at 53-54; DE# 88-2 at 35, 53-59; DE## 88-19 through 88-21; DE## 88-45 through 88-48.) In addition, the Alter Deposition transcript references a customer by name. (*See* DE# 88-2 at 30.)

The Second Amended Agreed Protective Order ("Protective Order") entered in this case provides that the personal identifying information of wireless customers is "Confidential Information" to be protected from disclosure. (Protective Order ¶ 3(a), DE# 23-1.) The parties agree that that this Confidential Information is

not available in the public domain, that the parties "are legally-obligated to protect the confidentiality of individual customers," and that disclosure of this information could cause irreparable harm. (DE# 23 at 1 (Second Amend. Joint Mot. for a Protective Order).) The Court therefore finds good cause for OWW to file under seal the documents containing customers' personal identifying information. *See Principle Solutions LLC v. Feed.Ing B.V.*, No. 13-C-223, 2015 WL 113292, at *3 (E.D. Wis. Jan. 8, 2015) (finding good cause for protecting customers' names, addresses and contact information).

The Protective Order provides that where Confidential Information is submitted in an exhibit or is incorporated in a pleading, brief or other material submitted to the Court, the party must also file an unsealed copy of the pleading or brief with the Confidential Information redacted. (DE# 23-1 at 5.) Here, OWW failed to file unsealed and redacted copies of Docket Entry numbers 87 and 88. OWW shall file unsealed copies of Docket Entry numbers 87 and 88 with the customers' personal identifying information redacted.

Moorehead's "Confidential" Information

OWW filed under seal several documents that were designated "confidential" by Moorehead in Docket Entry numbers 87 and 88. OWW requests that these documents remain under seal.[3]

First, Exhibit F to OWW's SJ Memorandum and the first page of Alter Deposition Exhibit 2 are identical copies of a table listing referral payments made to OWW between January 2006 and June 2008. (DE## 87 at 52; 88-2 at 34.)  The information contained in this table merely identifies dates and referral payments made to OWW. The Alter Deposition also includes testimony regarding this table. (DE# 88-2 at 9.)  In response to the Court's order to show cause, Moorehead states that it does not contend that either this table or Alter's testimony regarding the table are confidential, and notes that it originally produced the table without a confidential designation.  (*See* DE# 121-2.)  Moreover, Moorehead repeatedly disclosed referral fees paid to OWW in its own publicly-filed summary judgment pleadings.  (*See, e.g.,* DE# 91 at 21 (referencing an email "enclosing a summary for May 2006 referral fees totaling $2,230"); DE# 92-3 (Aff. of Scott R. Shanks, attaching "Moorehead's reports showing [referral] payments to OWW").)  For these reasons, the Court finds that good cause does not exist for SJ Memorandum

---

[3] OWW relies upon the Protective Order as the basis for non-disclosure of information designated confidential by Moorehead.  However, the Protective Order applies only to customers' personal identifying information, which is not found in these documents.  (*See* Protective Order ¶ 3(a), DE# 23-1.)

Exhibit F, the first page of Alter Deposition Exhibit 2, and pages 81-82 of the Alter Deposition to remain under seal. These pages shall be not be redacted from the unsealed copies of Docket Entry numbers 87 and 88 to be filed by OWW.

Second, Kuchmay Affidavit Attachments 8, 9, 26 and 27 were designated confidential by Moorehead. (DE## 88-11, 88-12, 88-31, 88-32.) Attachments 8 and 9 purport to reflect "the activation and upgrade summaries for Mike Kapp and Mike Trimble through July 2013." (DE# 88-3 at 2, Kuchmay Aff. ¶ 10.) Attachments 26 and 27 purport to be "activation/upgrade reports produced by [Moorehead]" for dealers Phan Tran Crop. Store and Miguel Rivera, respectively. (DE# 88-3 at 2-3, Kuchmay Aff. ¶ 13(o-p).) These documents contain tables listing the dealers' activations and upgrades per month over a period of years. Moorehead contends that these documents contain non-public financial and business information related to activations and upgrades, and should not be disclosed. Moorehead also maintains that information relating to Kapp is irrelevant because the March 20 Order held that OWW is not entitled to referral fees based on its alleged referral of Mike Kapp. Good cause may exist if documents are sealed to maintain the confidentiality of non-public business information. *See Metavante Corp.,* 2008 WL 4722336, at *9-*10 (finding good cause existed to warrant sealing documents containing nonpublic financial and business information); *Formax Inc. v. Alkar-Rapidpak-MP Equip.,*

*Inc.*, No. 11-C-0298, 2013 WL 2452703, at *1 (E.D. Wis. June 5, 2013) ("documents containing sensitive pricing information, sales figures, sales dollar amounts, profit and loss data, and other financial records not normally made known to the public may be properly filed under seal") (citation omitted). The Court finds that good cause exists to maintain Kuchmay Affidavit Attachments 8, 9, 26 and 27 under seal.

Moorehead asks that these Attachments be sealed in their entirety, but does not explain why redactions would be insufficient to protect its confidential information. (*See* DE# 121 at 5, 7.) "To say that particular *information* is confidential is not to say that the entire document containing that information is confidential." *Methodist Hospitals, Inc. v. Sullivan*, 91 F.3d 1026, 1032 (7th Cir. 1996) (remanding to order redaction of confidential information with the remainder of the document filed in the public record) (emphasis in original). The Court finds that Moorehead's confidential information can be protected by redacting the numbers of new accounts and upgrades from these Attachments. Therefore, the unsealed copy of Docket Entry 88 shall include these Attachments with the following redactions: in Kuchmay Affidavit Attachments 8 and 9, the amounts in the columns entitled, "New Acts," "Upgrades," and "Total"; and in Attachments 26 and 27, the amounts in the columns entitled, "Count."

Third, the SJ Memorandum, the Chau Affidavit, its Attachment 2, and the Opposition Appendix include OWW's summaries of information that Moorehead designated as confidential. (DE# 87 at 14-21; DE# 88-1 at 2-5, 12-14; DE# 96-2 at 14-21.) Moorehead maintains that these summaries include Moorehead's non-public financial and business information that should not be disclosed, specifically, detailed information related to its total activations, upgrades and data and prepaid plans. Moorehead also notes that the March 20 Order renders some of the information irrelevant to this case. Like the Kuchmay Affidavit Attachments addressed above, these submissions contain non-public business information that legitimately qualifies as confidential. The Court finds that good cause exists for the summaries of Moorehead's confidential information to remain under seal. *See Standard Process, Inc. v. Total Health Discount, Inc.,* 559 F. Supp. 2d 932, 946 (E.D. Wis. 2008) (concluding that good cause existed to seal documents discussing confidential information). OWW shall file unsealed copies of Docket Entry numbers 87, 88 and 96 with Moorehead's confidential material redacted, as proposed in Moorehead's response to the order to show cause. (*See* DE## 121-1 (proposed redacted SJ Mem.), 121-3 (proposed redacted Chau Aff. & Attach. 2), 121-5 (proposed redacted Opp. App. Ex. B, which discloses more information than OWW's redacted version at DE# 98-2).)

Bank Account Information

Finally, Moorehead asks that its counsel's bank account information, which is contained in Alter Deposition Exhibit 8, remain under seal. (*See* DE# 88-2 at 44.) The Court finds Moorehead's concern over the possible disclosure of counsel's bank account information to be legitimate. *See Goldstein v. Colborne Acquisition Co., LLC*, No. 10 C 6861, 2012 WL 3156870, at *2 (N.D. Ill. Aug. 3, 2012); Fed. R. Civ. P. 5.2(a)(4) (filings containing an individual's financial-account number "may include only . . . the last four digits of the financial-account number"). Consistent with Federal Rules of Civil Procedure Rule 5.2, OWW shall redact counsel's bank account information from the publicly filed copy of Docket Entry number 88.

In summary, having found that certain confidential information in Docket Entry numbers 87, 88 and 96 warrants remaining under seal, the Court holds that OWW shall file unsealed copies of these pleadings with such information redacted. The unsealed copy of Docket Entry number 87 shall redact:

(1) all customers' personal identifying information; and

(2) Moorehead's confidential information, as proposed by Moorehead (*see* DE# 121-1).

The unsealed copy of Docket Entry number 88 shall redact:

(1) all customers' personal identifying information;

(2) in Kuchmay Affidavit Attachments 8 and 9, the amounts in the columns entitled, "New Acts," "Upgrades," and "Total";

(3) in Kuchmay Affidavit Attachments 26 and 27, the amounts in the columns entitled, "Count;"

(4) in the Chau Affidavit and its Attachment 2, Moorehead's confidential information, as proposed by Moorehead (*see* DE# 121-3); and

(5) Moorehead's counsel's bank account information.

The unsealed copy of Docket Entry number 96 shall redact Moorehead's confidential information, as proposed by Moorehead. (*See* DE# 121-5.) OWW shall collaborate with Moorehead to confirm the accuracy of the redactions prior to filing.

CONCLUSION

For the reasons set forth above, OWW's Motion Requesting Certain Confidential Documents Remain Under Seal (DE# 110) is **GRANTED IN PART AND DENIED IN PART**. The documents found at Docket Entry numbers 87, 88 and 96 shall remain under seal. OWW is **ORDERED** to (1) prepare redacted versions of Docket Entry numbers 87, 88 and 96 based on the Court's directive above, and (2) file the redacted versions of these pleadings with the Clerk of the Court within thirty (30) days.

**DATED: June 9, 2015**         /s/ RUDY LOZANO, Judge
                                **United States District Court**